IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| German Aguirre Escamilla <br> Javier Perez <br> Reyes Alfonso Dominguez Rios <br> Jonathan Medrano <br><br> Plaintiff, <br><br> v. <br><br> Precision Gunite, LLC.   and <br> Jeremy Baker, <br><br> Defendants. | Case No. 4:23-cv-415 <br><br><br><br><br><br> PLAINTIFFS DEMAND <br> TRIAL BY JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

## COMPLAINT

Plaintiffs, German Aguirre Escamilla ("Plaintiff" or "Aguirre"), Javier Perez ("Plaintiff" or "Perez"), Reyes Alfonso Dominguez Rios ("Plaintiff" or "Dominguez"), and Jonathan Medrano by and through their attorney, James M. Dore, complain against Precision Gunite, LLC. ("Defendant" or "Precision") and Jeremy Baker("Defendant" or "Baker"). Precision and Baker may collectively be referred to as "Defendants".  In support of this Complaint, Plaintiff states:

## Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

## Parties

2. Aguirre is a resident of Haltom, Texas; and he was employed by Precision and Baker.

3. Perez is a resident of Haltom City, Colorado; and he was employed by Precision and Baker

4. Dominguez is a resident of Fort Worth, Texas; and he was employed by Precision and Baker.

5. Medrano is a resident of Haltom City, Texas; and he was employed by Precision and Baker.

6. Precision is a business that is located, headquartered, and conducts business in Roanoke, Texas.

7. Baker is a person that is located, headquartered, and conducts business in Roanoke, Texas. On information and belief, Baker is a resident of Roanoke, Texas.

8. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

9. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337;

and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Eastern District of Texas because all underlying facts and transactions occurred in or about Denton County, Texas.

### Facts Common To All Claims

11. Precision is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

12. Baker is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Precision; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records..

### COUNT I: VIOLATION OF THE FLSA
### (Aguirre v. H & J and Frazier)

13. Plaintiff reincorporates by reference Paragraphs 1 through 12, as if set forth in full herein for Paragraph 13.

14. Plaintiff began working at Defendants in or before January 4, 2022, through December 22, 2022.

15. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to

perform construction of swimming pools, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

16. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 75 hours per week.

17. Plaintiff was paid their wages on a(n) daily basis.

18. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

19. Plaintiff's rate of pay was $1,800.00 per week or $24 per hour.

20. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

21. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

22. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

23. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $21,420.00 in unpaid wages; (ii) liquidated damages of

$21,420.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff German Aguirre Escamilla respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $21,420.00;

B. An award liquidated damages in an amount equal to at least $21,420.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF TEXAS REVISED CODE CHAPTER 61 SECTION 61.051
### (Aguirre v. Precision and Baker)

24. Plaintiffs incorporates by reference Paragraphs 1-23, as if set forth in full herein for this Paragraph 24.

25. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

26. The unpaid wage period started January 4, 2022, through December 22, 2022.

27. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a violation of the Texas Labor Code.

28. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $6,660.00.

29. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $6,660.00.

WHEREFORE, Plaintiff German Aguirre Escamilla respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

 A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $6,660.00.

 B. An award liquidated damages in an amount equal to at least $6,660.00;

 C. A declaration that Defendants violated the Texas Labor Code;

 D. An award reasonable attorneys' fees and costs; and

 E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: VIOLATION OF THE FLSA
### (Perez v. Precision and Baker)

30. Plaintiff reincorporates by reference Paragraphs 1 through 29, as if set forth in full herein for Paragraph 30.

31. Plaintiff began working at Defendants in or before August 3, 2022, through October 8, 2022.

32. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction of swimming pools, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

33. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 75 hours per week.

34. Plaintiff was paid their wages on a(n) weekly basis.

35. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

36. Plaintiff's rate of pay was $1,800.00 per week or $24 per hour.

37. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

38. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

39. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

40. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $21,420.00 in unpaid wages; (ii) liquidated damages of $21,420.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Javier Perez respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $21,420.00;

B. An award liquidated damages in an amount equal to at least $21,420.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT IV: VIOLATION OF TEXAS  REVISED CODE CHAPTER 61  SECTION 61.051**
**(Perez v. Precision and Baker)**

41. Plaintiffs incorporates by reference Paragraphs 1-40, as if set forth in full herein for this Paragraph 41.

42. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

43. The unpaid wage period started January 4, 2022, through December 22, 2022.

44. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a violation of the Texas Labor Code.

45. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $6,660.00.

46. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $6,660.00.

WHEREFORE, Plaintiff Javier Perez respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

F. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $6,660.00.

G. An award liquidated damages in an amount equal to at least $6,660.00;

H. A declaration that Defendants violated the Texas Labor Code;

I. An award reasonable attorneys' fees and costs; and

J. Any such additional or alternative relief as this Court deems just and proper.

### COUNT V: VIOLATION OF THE FLSA
### (Dominguez v. Precision and Baker)

47. Plaintiff reincorporates by reference Paragraphs 1 through 46, as if set forth in full herein for Paragraph 47.

48. Plaintiff began working at Defendants in or before January 4, 2022, through August 17, 2022.

49. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction of swimming pools, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

50. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 75 hours per week.

51. Plaintiff was paid their wages on a(n) daily basis.

52. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

53. Plaintiff's rate of pay was $1,800.00 per week or $24 per hour.

54. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

55. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

56. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay

Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

57. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,860.00 in unpaid wages; (ii) liquidated damages of $13,860.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit C.

WHEREFORE, Plaintiff Reyes Alfonso Dominguez Rios respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $13,860.00;

B. An award liquidated damages in an amount equal to at least $13,860.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT VI: VIOLATION OF THE FLSA
### (Medrano v. Precision and Baker)

58. Plaintiff reincorporates by reference Paragraphs 1 through 57, as if set forth in full herein for Paragraph 58.

59. Plaintiff began working at Defendants in or before May 2022, through September 2022.

60. At all times, Plaintiff held the same position with Defendants, he was a construction labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction of swimming pools, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

61. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 75 hours per week.

62. Plaintiff was paid their wages on a(n) daily basis.

63. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

64. Plaintiff's rate of pay was $1,800.00 per week or $24 per hour.

65. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

66. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

67. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay

Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

68. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $2,660.00 in unpaid wages; (ii) liquidated damages of $2.660.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit D.

WHEREFORE, Plaintiff Jonathan Medrano respectfully requests that the Court enter a judgment in their favor and against Defendants Precision and Baker, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,660.00;

B. An award liquidated damages in an amount equal to at least $2,660.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.



s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898

E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**